UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ISMAEL MARTINEZ MARTINEZ, </br></br> Petitioner, </br></br> v. </br></br> BRISON SWEARINGEN, </br> FIELD OFFICE DIRECTOR, </br> TODD M. LYONS, </br> KRISTI NOEM, </br> PAMELA JO BONDI, </br></br> Respondents. | ) </br> ) </br> ) </br> ) </br> ) No. 2:26-cv-00103-JRS-MJD </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) </br> ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Ismael Martinez Martinez is a Mexican citizen currently detained at the Clay County Justice Center at the direction of U.S. Immigration and Customs Enforcement ("ICE"). Mr. Martinez Martinez now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking immediate release from custody. Dkt. 1 at 17.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on March 11, 2026**, Respondents must either: (1) afford Mr. Martinez Martinez an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Martinez Martinez from custody, under reasonable conditions of supervision.

**I.     Background**

Mr. Martinez Martinez, who has three U.S. citizen children, entered the United States without inspection or admission in 2014. Dkt. 1 at 2, 6. On January 18, 2026, Mr. Martinez Martinez was arrested by the Marion County, Indiana, Police Department on charges of operating

1

a motor vehicle while intoxicated. Dkt. 6-1 at 8. He was turned over to ICE pursuant to an immigration detainer and was arrested pursuant to an I-200 Warrant for Arrest of Alien on January 21. *Id*. at 6, 8. The government initiated removal proceedings and issued Mr. Martinez Martinez an I-862 Notice to Appear the same day. *Id*. at 2.

The Notice to Appear charges Mr. Martinez Martinez with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i) as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 8-1 at 5. The "arriving alien" checkbox is unmarked. *Id*. at 2.

On January 28, Mr. Martinez Martinez received a hearing before an immigration judge, who denied his request for custody redetermination on the basis that he lacked jurisdiction pursuant to *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025).

## II. Discussion

Mr. Martinez Martinez claims that his current detention violates the Immigration and Nationality Act ("INA") (Count I), the bond regulations (Count II), the Due Process Clause of the Fifth Amendment (Count III), and the Habeas Corpus statute at 28 U.S.C. § 2241 (Count IV). Dkt. 1 at 13-17. Respondents argue that Mr. Martinez Martinez is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A) and that his detention is constitutional. Dkt. 6.

The Court finds that Mr. Martinez Martinez's detention is governed by § 1226(a) and that it is unlawful because he has not been afforded a bond hearing. Because Mr. Martinez Martinez is entitled to habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.[1]

---

[1] Specifically, Mr. Martinez Martinez argues that he is a class member entitled to relief through the declaratory judgment the Central District of California issued in *Maldonado Bautista v. Santacruz*, No. 5:25-cv-01873-SSS-BFM. In that case, the district court certified a class under Federal Rule 23(b)(2) that seemingly would include Petitioner and held that DHS's widespread application of § 1225(b)(2) was contrary to the INA,

2

### A. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

> On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States . . . . [T]he Attorney General—
>
>   (1) may continue to detain the arrested alien; and
>
>   (2) may release the alien on—
>
>     (A) bond . . . ; or
>
>     (B) conditional parole[.]

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583

---

vacating DHS's Policy under the Administrative Procedure Act, and entering final judgment. *Bautista v. Santacruz*, 2025 WL 3713981, *32 (C.D. Cal. Dec. 18, 2025). The applicability of *Maldonado Bautista* to resolve habeas actions outside the Central District of California is unclear. In *Trump v. J.G.G.*, the Supreme Court reiterated that (a) any claim implying the invalidity of the claimant's custody "must be brought in habeas corpus," and (b) habeas jurisdiction lies only with the district where the claimant is confined. 604 U.S. 670, 671–72 (2025) (applying *Nance v. Ward*, 597 U.S. 159, 167 (2022); *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). Because the Court finds that Petitioner is entitled to habeas relief, it need not resolve whether he is entitled to relief under *Maldonado Bautista*.

U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission*, if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted*, the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

4

**B. Mr. Martinez Martinez Is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)**

The record reflects that Mr. Martinez Martinez is eligible for a bond hearing under § 1226(a).

The Court has previously determined that, considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Martinez Martinez who have lived in the interior of the United States for years. *See Alejandro v. Olson*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Sandoval v. Crowley*, No. 2:25-cv-0560-JRS-MKK, 2025 WL 3760760, at *3-6 (S.D. Ind. Dec. 30, 2025). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[2] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The respondents here cite a smattering of contrary decisions but concede that this Court's previous analysis "control[s] the result in this case should the Court adhere to the legal reasoning in those prior decisions." Dkt. 6 at 1. The respondents offer no binding authority in the other direction, and the Court declines to depart from its previous reasoning.[3]

---

[2] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply. *See Alejandro*, No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *5–8.

[3] The respondents offer passing references to two district court decisions that this Court briefly addresses based on their recency and their issuance from within the Seventh Circuit. In *Hernandez v. Olson*, a judge from the Eastern District of Wisconsin accepted the government's interpretation of the statutory text and found that an alien who had previously been apprehended and released multiple times and was later arrested by ICE agents while working at a Wisconsin farm was an applicant for admission subject to mandatory detention under § 1225(b)(2). No. 25-cv-1670-bhl, 2026 WL 161509, at *3–7 (E.D. Wis. Jan. 21, 2026). And, in *Cruz Rodriguez v. Olson*, a judge from Northen District of Illinois found that §§ 1225(b)(2) and 1226(a) *both* apply to certain aliens apprehended inside the United States. *See* No. 1:25-cv-12961, 2025 WL 3672856, at *7 (N.D. Ill. Dec. 17, 2025), withdrawn & superseded, 2026 WL 63613 (N.D. Ill. Jan. 8,

Accordingly, the Court concludes that Mr. Martinez Martinez is entitled to a bond hearing under § 1226, and it declines to reach his other arguments.

### III. Scope of Relief

Mr. Martinez Martinez is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50 (1984). Mr. Martinez Martinez requests immediate release from custody. Dkt. 1 at 17. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Martinez Martinez's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

---

2026) ("Sections 1225(b)(2) and 1226 have different, but overlapping, scopes."). Both dismiss *Castañon-Nava* as persuasive authority from a preliminary decision. *Hernandez*, 2026 WL 161509 at *6; *Cruz Rodriguez*, 2025 3672856 at 5, n.6. This Court finds the reasoning of these decisions problematic for reasons expressed in previous cases and discussed further below. Regardless, this Court joins another jurist from the Northern District of Illinois in deferring to *Castañon-Nava* as highly persuasive, directly applicable authority from a superior tribunal on a pure question of law. *See Morales Perez*, No. 1:25-CV-14995, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026).

The respondents also cite *Buenrostro-Mendez v. Bondi*, in which the Fifth Circuit concluded that "seeking admission" is not limited to "arriving" noncitizens and therefore supports the respondents' position in this case. No. 25-20496, --- F.4th ---, 2026 WL 323330, at *4 (5th Cir. Feb. 6, 2026). But, the Fifth Circuit's decision also is not binding here, and the Court again defers to the Seventh Circuit's persuasive decision in *Castañon-Nava*.

6

### IV. Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on March 11, 2026**, Respondents must either: (1) provide Mr. Martinez Martinez with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Martinez Martinez from custody, under reasonable conditions of supervision. No later than **12:00 p.m. on March 16, 2026**, Respondents must file documentation certifying that they have provided Mr. Martinez Martinez with a bond hearing, including apprising the Court of the results of the hearing. If Respondents release Mr. Martinez Martinez, then they must file documentation certifying his release. The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 3/4/2026

JAMES R. SWEENEY II, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel